IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **AEROTEK, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. TDC-22-2191 |
| | * | |
| **KES ENERGY SOLUTIONS, LLC** | * | |
| **D/B/A KES ELECTRICAL,** | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

## REPORT AND RECOMMENDATIONS

This "Report and Recommendations" addresses "Plaintiff Aerotek, Inc.'s Motion for Default Judgment against Defendant KES Energy Solutions, LLC d/b/a KES Electrical," and memorandum in support thereto ("the Motion") filed by the Plaintiff. (ECF Nos. 14, 14-1).

Pursuant to 28 U.S.C. § 636, and Local Rule 301, the Honorable Theodore D. Chuang referred this matter to me to author a report and to make recommendations. (ECF No. 16). No response has been filed and the time for responding has passed. *See* Local Rule 105.2 (D. Md. 2023). I have considered that fact, and having reviewed the Motion, I do not believe that a hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, I ultimately recommend that Plaintiff's "Motion for Default Judgment" ("Motion") be **GRANTED**, and that damages be awarded as set forth herein.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   A.   **Factual Background**

On August 30, 2022, Plaintiff Aerotek, Inc. ("Aerotek" or "Plaintiff") filed a Complaint alleging that Defendant KES Energy Solutions, LLC, d/b/a KES Electrical ("KES" or

"Defendant") violated Maryland law first by breaching a contract, which later led to KES being unjustly enriched at Plaintiff's expense. (ECF No. 1, "Complaint," pp. 3-4).  Specifically, Aerotek claims that KES was a subcontractor hired by a general contractor to provide electrical infrastructure installation on a construction project located in Penfield, NY.  In order to perform the work on that contract, Defendant entered into a subcontract with Plaintiff for Aerotek to furnish labor on the project.  Aerotek and KES executed that contract, and Aerotek furnished labor on the project between October 23, 2021-February 5, 2022. Aerotek invoiced the Defendant for the work performed, but it has failed and refused to pay monies due. According to the Plaintiff, KES has been unjustly enriched by an amount in excess of $415,726.54. (Complaint, pp. 2-4). Finally, according to Aerotek, because KES has breached the contract, it is also entitled to recover attorneys' fees, collection fees, late fees, and interest. (Complaint, p.3).

    B.    **Procedural Background**

According to the docket sheet in this case, on August 30, 2022, a summons was issued by the Clerk of the Court to KES, which was later returned executed on October 20, 2022. (ECF Nos. 7, 9). According to the Proof of Service, counsel for the Plaintiff served a copy of the Complaint, summons, and other documents on September 27, 2022, by mailing the package of documents to KES via certified mail to the registered agent, Erik Kadon. (ECF No. 9). On October 3, 2022, the executed return receipt from Erik Kadon was received, with Mr. Kadon indicating that he had received service of the aforementioned documents on September 29, 2022. (*Id.*).  Defendant failed to file a responsive pleading within the 21-day period provided by Federal Rules of Civil Procedure 4 and 12(a)(1)(A)(i), namely by October 20, 2022.

On November 22, 2022, the Hon. Theodore Chuang ordered Plaintiff to file a motion for default judgment and to serve a copy of the same upon the Defendant by no later than December

6, 2022, or to show cause by that time as to why such motion would be inappropriate. (ECF No. 10).

Thereafter, on December 5, 2022, Plaintiff filed a motion for entry of default as to Defendant KES pursuant to Fed. R. Civ. P. 55(a). (ECF No. 11). In support of its motion, Plaintiff argued that Defendant's Answer or other responsive pleading was due on October 20, 2022, yet the Defendant failed to respond to the Complaint. (*Id.*). Plaintiff further stated that it had served a copy of the Complaint and other documents, as set forth herein previously. (*Id.*). On December 6, 2022, the Clerk of the Court entered default as to Defendant KES. (ECF No. 12).

Subsequently, Judge Chuang issued another order directing Aerotek to file and serve a motion for default judgment on the Defendant by no later than February 10, 2023, or to show cause by that time as to why such motion would be inappropriate. (ECF No. 13).

On February 6, 2023, Plaintiff filed the Motion, seeking judgment as follows:

(a) Principal balance in the amount of $415,726.54, as demanded in the Complaint;

(b) $2,172.86 in costs;

(c) $23,894.69 in pre-judgment interest, calculated at the legal rate of 6% per annum; and

(d) Post-judgment interest, calculated at the legal rate.

(ECF No. 14).  In support of the Motion, Plaintiff appended the following documents: (a) a declaration from Tokunbo Adeyemo; (b) a copy of the Services Agreement between Plaintiff and Defendant; (c) a statement of account, reflecting the principal balance owed. (ECF Nos. 14-2 through 14-4).  Plaintiff also stated that it served a copy of the motion for default upon Defendant via first class mail on February 6, 2023, addressed to the same resident agent. (ECF No. 14).

To date, Defendant KES has not filed an Answer, nor has it otherwise filed any pleading

3

in this case.

## II.   DISCUSSION

### A.   Default Judgment

Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") governs default judgments. Upon motion of a party, Rule 55(a) provides that a default judgment can be entered when a defendant fails to "plead or otherwise defend in accordance with [Rule 55]." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

When evaluating a motion for default judgment, a district court accepts as true the well-pleaded factual allegations in a complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6). If a party's factual allegations are unchallenged because of a defendant's unresponsiveness, a district court has the discretion to grant default judgment. *See* Fed. R. Civ. P. 55(a)–(b); *see also Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405-06 (D. Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment is appropriate when defendant is "unresponsive for more than a year" after denial of motion to dismiss, even though defendant was properly served with plaintiff's motions for entry of default and default judgment); *Park Corp v. Lexington Ins. Co.*, 82 F.2d 894, 896 (4th Cir. 1987) (affirming default judgment when defendant lost summons and did not respond within the proper timeframe).

Approximately one year has passed since the Defendant received the Complaint. (ECF No. 7). More than nine months have passed since the Defendant received the motion for entry of default, and more than six months have passed since the Defendant received the instant Motion.

(ECF Nos. 11, 14).  To date, the Defendant has not filed an opposition nor otherwise defended against this case. Plaintiff has filed proof of service establishing that the Defendant was properly served with the aforementioned pleadings. (*See* ECF Nos. 7, 9, 14).  Therefore, I find that Defendant has been available to respond or defend against this case, yet has failed to do so.  Thus, I recommend that default judgment be entered.

### B. Jurisdiction

As a preliminary matter, before deciding liability, the undersigned has an independent obligation to ensure that the district court has subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); Fed. R. Civ. P. 12(h)(3).

In this case, diversity of the parties is what gives the district court subject matter jurisdiction, as the Plaintiff is a Maryland company with its principal place of business in Hanover, MD, the Defendant is an Ohio limited liability company, and the amount in controversy exceeds $75,000. (Complaint, ¶¶ 1,2, 6). *See* 28 U.S.C. § 1332(a).

### C. Choice of Law

It is well established that in a federal diversity case, a court must apply the choice of law rules applicable in the forum state. *Klaxon v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941).  In a contract action, Maryland courts typically apply the law of the jurisdiction where the contract was made, pursuant to the doctrine of *lex loci contractus*. *Allstate Ins. Co. v. Hart*, 327 Md. 526, 611 A.2d 100 (1992).

In this case, the Complaint provides that the contract between Plaintiff and Defendant was executed in Maryland. (Complaint, ¶ 5). More important, the Services Agreement (the contract) executed by the parties provides that:

> **15.15 GOVERNING LAW-** the laws of the State of Maryland shall govern the validity and construction of [the Services Agreement] and any dispute arising out

of ore relating to [the Services Agreement], without regard to the principles of conflict of laws.

(ECF No. 14-3). Accordingly, Maryland law governs this case.

### D. Liability

As to liability, a district court accepts as true the well-pled allegations in a complaint, other than those pertaining to damages. *Lawbaugh*, 359 F.Supp.2d at 422; *see also See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6).

#### 1. Count I – Breach of Contract

Count I of the Complaint asserts a claim of breach of contract. (Complaint ¶¶ 14-24).

In order for a plaintiff to establish that a defendant breached a contract, a plaintiff "must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001); *see also RRC Northeast, LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 443 (Md. 2010) (finding that breach of contract requires showing of an obligation and a failure of a party to meet such obligation). In addition, if a plaintiff establishes proof of liability, the plaintiff may recover damages for: "1) the losses proximately caused by the breach; 2) that were reasonably foreseeable; and 3) that have been proven with reasonable certainty." *Hoang v. Hewitt Ave. Assocs., LLC*, 936 A.2d 915, 934 (Md. 2007).

According to the allegations set forth in the Complaint, Aerotek claims that KES was a subcontractor hired by a general contractor to provide electrical infrastructure installation on a construction project located in Penfield, NY. In order to perform the work on that contract, Defendant entered into a subcontract with Plaintiff for Aerotek to furnish labor on the project. Aerotek and KES executed that contract, and Aerotek furnished labor on the project between October 23, 2021-February 5, 2022. Aerotek invoiced the Defendant for the work performed to the total of $415,726.54, which was due and owing before March 5, 2022. KES has failed and

refused to pay monies due. (Complaint ¶¶ 8-20).

Because I am required to accept as true the unchallenged facts of the Complaint, *see Lawbaugh*, 359 F.Supp.2d at 422, Plaintiff has established that KES was contractually obligated to pay Aerotek for the labor provided on the NY construction project, but KES breached this obligation by failing to pay any of the invoices from Aerotek. (Complaint ¶¶ 8-11; ECF No. 1-2). Accordingly, I find that Plaintiff has established KES' liability for breach of contract, and I recommend that the Motion be granted as to Count I.

### 2. **Count II – Account Stated**

Count II of the Complaint contains a claim of account stated, through which Aerotek seeks the same amount damages as alleged in Count I. (Complaint ¶¶ 17-24.)

Under Maryland law, in order for a party to advance a cause of action on account stated:

all that need be shown is an admission that the stated sum of money constitutes a present existing debt. Such admission need not be express but may be inferred. Thus, under appropriate circumstances, a failure within a reasonable time to object to the correctness of a stated sum may be regarded as an admission of liability.

*Baltimore Cnty. v. Archway Motors, Inc.*, 35 Md. App. 158, 166 (1977) (citing *Lyell v. Walbach*, 111 Md. 610, 614-15 (1909)); *see also Saul, Ewing, Remick & Saul v. Larosa*, 60 F.3d 824 (Table), 1995 WL 420012, at *2 (4th Cir. July 13, 1995) (to prove claim plaintiff required to establish prior transaction giving rise to the indebtedness).

Aerotek asserts that it invoiced the Defendant for the labor services performed on the NY contract during the life of the contract, namely between in or about October 2021 until in or about February 2022. (Complaint, ¶¶ 18-20; ECF Nos. 1-2.) Plaintiff further avers that it "made numerous demands and requests upon KES, reciting the amount of the existing debt owed by KES to Aerotek." (Complaint, ¶ 21.)  Construing as true, as I must, the unrefuted factual allegations set

forth in the Complaint, I find that Aerotek has demonstrated that it provided labor services on behalf of KES, from which KES benefitted and did not pay. I also find that between in or about October 2021 until February 2022, Aerotek emailed or otherwise provided invoices to KES seeking payment for services rendered. (ECF No. 1-2). I further find that because KES did not object to the correctness of the invoices—and indeed Mr. Kadon approved of several of them (*see* ECF No. 1-2)—the stated sum should be treated as an admission of liability. Accordingly, I recommend that the Motion be granted as to Count II.

### 3. Count III – Unjust Enrichment

Count III of the Complaint alleges that the Defendant is liable for unjust enrichment. (Complaint, ¶¶ 25-30.) When a written contract exists been the parties, the law is clear that a plaintiff cannot recover under the quasi-contractual theory of unjust enrichment. *See, e.g., Froelich v. Erickson,* 96 F. Supp. 2d 507, 524 (D. Md. 2000).

Accordingly, because Plaintiff has met its burden to establish that KES is liable for breach of contract, Aerotek may not rely on this theory of recovery. I recommend that the Motion be denied as to Count III.

### E. Damages

Although liability has been established, any allegation concerning the amount of damages is not deemed admitted just because a defendant fails to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6). "With respect to a default judgment, '[c]laims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed.'" *Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civ. No. ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011). If the record supports the damages requested, however, then a court may award damages without a hearing. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, Civ. No. NKM-09-0004,

2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that no evidentiary hearing on damages is needed based on moving party's affidavit and printout submissions establishing amount of damages sought); *DirecTV, Inc. v. Yancey*, Civ. No. MFU-404-11, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that where sufficient evidence exist to support damages, "[a] hearing in open court is not required"). The type and amount of damages that may be entered as a result of a party's default are limited to the amount that is demanded in a party's pleadings. Fed. R. Civ. P. 54(c).

### 1. Principal Balance of $415, 726.54

Plaintiff asserts that the Defendant has failed to satisfy its obligations under the subcontract by paying the amount due and owing. In support of the amount sought, Plaintiff relies upon the declaration of Tokunbo Adeyemo, Credit Service Manager for Aerotek, Inc., the invoices sent to the Defendant, and a Statement of Account. (ECF Nos. 1-2, 14-2, 14-4). These materials show that Plaintiff invoiced the Defendant for the labor services performed on the NY contract during the life of the contract, namely between in or about October 2021 until in or about February 2022. (*Id.*).

I find that Plaintiff has the right to collect monies from the Defendant, reflected in the unpaid invoices from the Defendant.

### 2. Pre-Judgment Interest and Post-Judgment Interest

Plaintiff also seeks prejudgment interest computed starting March 4, 2022, calculated at the legal rate of six percent. The law in this Circuit provides that pre-judgment interest in a case involving diversity jurisdiction is to be analyzed consistent with Maryland law. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). Specifically, prejudgment interest:

> is allowable as a matter of right when the obligation to pay and the amount due had become certain, definite, and liquidated by a specific date prior to judgment so that

> the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date.

*Buxton v. Buxton*, 363 Md. 634, 656 (2001) (internal quotation omitted). The legal rate of prejudgment interest in Maryland is six percent per annum. *See, e.g., Dominion Financial Services, LLC v. Pavlovsky*, –– F.Supp.3d ––, 2023 WL 3550011, at *15-16 (D. Md. May 18, 2023) (exercising discretion to award prejudgment interest of six percent per annum, in accordance with the legal rate of interest set forth in Md. Const. Art. III, § 57); *Lighting Retrofit International, LLC v. Constellation NewEnergy, Inc.*, SAG-19-02751, 2023 WL 2306962, at *13 (stating that Md. Const. Art. III § 57 "establish[es] the legal rate of interest in Maryland").

I find that Plaintiff is entitled to prejudgment interest from March 4, 2022, the day of default, *see* ECF No. 14-2), until the date of entry of judgment. However, Plaintiff only seeks prejudgment interest from March 4, 2022, through February 6, 2023 in the amount of $23,894.69. (ECF Nos. 14-1, 14-2). Accordingly, I recommend that Plaintiff be awarded pre-judgment interest in the amount of $23,894.69.

Regarding post-judgment interest, 28 U.S.C. § 1961 sets forth the rate at which such interest shall be allowed in this civil case, which takes into account the date of entry of judgment. Accordingly, I recommend that Aerotek be awarded post-judgment interest calculated at the legal rate from the date of entry of judgment.

### 3. Costs

Plaintiff also seeks an award of costs in the amount of $2,172.86 "allowable by law." (Motion, p. 3; ECF No. 14-2).

Fed. R. Civ. P. 54(d)(1) makes clear that costs should be awarded to the prevailing party. In addition, Local Rule 109.1(b) (D. Md. 2023) makes clear that a party seeking costs is entitled to a filing fee. Such fee is compensable under 28 U.S.C. §1920. In this case, the filing fee is $402.00. *See* ECF No. 1. Local Rule 109.1(b) also makes clear that if fees other than the filing fee

are being requested, the request shall be supported by sufficient information for the court to be able to determine the basis for the fee. Here, Plaintiff submitted the declaration of Tokumbo Adeyemo, which merely states in summary fashion that costs are being sought in the amount of $2,172.86. There is no explanation provided regarding how Plaintiff arrived at that figure, nor do any of the supporting documents submitted explain how it was computed. (Motion; ECF Nos. 14-2 through 1404).  Thus, I only recommend an award to the Plaintiffs for costs in the amount of $402.00 for the filing fee.

### III.   CONCLUSION

In sum, I respectfully recommend that the Court:

(1) **GRANT** Plaintiff's "Motion for Default Judgment" (ECF No. 14) as to Counts I and II;

(2) **DENY** Plaintiff's Motion as to Count III;

(3) Enter judgment in favor of the Plaintiffs in the following amounts:

  a. Principal balance in the amount of $415,726.54, as demanded in the Complaint;

  b. $402.00 in costs;

  c. $23,894.69 in pre-judgment interest, calculated at the legal rate of 6% per annum; and

  d. Post-judgment interest, calculated at the legal rate.

I also direct the Clerk of the Court to mail a copy of this Report and Recommendation to Defendant KES Energy Solutions, LLC d/b/a KES Electrical. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

Dated: September 22, 2023

/s/
The Honorable Gina L. Simms
United States Magistrate Judge